IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**JULIE MICHELLE SCOTT**                                              PETITIONER

v.                              Case No. 4:12-cv-4136

**RAY HOBBS, Director**                                               RESPONDENT
**Arkansas Dept. Of Corrections**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, JULIE MICHELLE SCOTT, (hereinafter "Scott") an inmate confined in the McPherson Unit of the Arkansas Department of Corrections, filed this petition for writ of *a habeas corpus* pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A.   Procedural Background**[1]:

On April 21, 2009, Scott pled guilty to delivery of a controlled substance and was sentenced to 156 months imprisonment by the Circuit Court of Little River County, Arkansas. She received an 24 month additional sentence because the underlying crime occurred near "certain facilities." Her total sentence was 180 months or 15 years. Following the imposition of sentence, on June 17, 2009, Scott filed a timely petition in the state court seeking to reduce her sentence from 180 months to 156 months. This petition remains pending before the state trial court. Scott has not yet filed a direct appeal of the conviction and sentence.

---

[1]The procedural background is taken from the Petition, Response to Petition, and the Court's Docket.

B. <u>**Current Petition**</u>:

On November 28, 2012, Scott filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. ECF No. 1. Scott alleges she pled guilty to delivery of methamphetamine in exchange for a sentence of 156 months. She claims she had no knowledge of the consecutive 24 month sentence that would imposed and would not have pled guilty had she been informed of that additional sentence. The Responded moves to dismiss the instant Petition for failure to exhaust state court remedies because there is a pending state court proceeding concerning the exact issue as raised here. This matter is ready for decision.

C. <u>**Discussion**</u>:

**1. Exhaustion of State Remedies**: Scott complains she was sentenced in excess of the sentence agreed too in her plea bargain. Her claim, seeking to shorten her period of confinement, is one that must be pursued, in this Court, through a petition for *habeas corpus* relief pursuan to 28 U.S.C. § 2254. *See Benke v. Norris*, 230 F.3d 1362 (8th Cir. 2000)(*Per Curium*). Section 2254 provides the mechanism for Scott's claim for *habeas* relief. Section 2254 provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court *shall not be granted unless it appears that--*
>
> *(A) the applicant has exhausted the remedies available in the courts of the State*; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) *An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.*

(Emphasis added) Further, as a matter of comity, the federal courts should not review a claim of deprivation of constitutional rights by a state prisoner until the state courts have had an opportunity

to review the claim and correct any constitutional error. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A claim is considered exhausted only when the claimant has afforded the "highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993). A federal *habeas* petitioner may proceed without having exhausted state remedies only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b) (1) (B).

In this case Scott has several avenues to proceed in state court. Scott may wait on the state trial court to rule on the pending petition to reduce her sentence and then appeal that decision if it is unfavorable. If Scott believes the state trial court has failed to act or refuses to act on her pending state petition she may proceed by seeking a writ of mandamus from the Arkansas Supreme Court. See *Strain v. State,* ___ S.W.3d ____, 2012 Ark. 184, *7, *citing Costillo v. Goodson*, 288 Ark. 639, 640, 707 S.W.2d 776, 777 (1986). It is apparent in this case that Scott has not fully exhausted her state court remedies. Section 2254(b) requires such exhaustion prior to a federal proceeding for writ of *habeas corpus*.

**2. Non Futile State Court Remedies**: Before dismissing the Petition for failure to exhaust, the Court must also determine whether non-futile state court remedies remain available to Scott. *See Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir.1980). The correct inquiry focuses on whether state law has a presently available procedure for determining the merits of the Scott's claim, not whether the state would decide in favor of the Scott. *See Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir. 1984). "[I]t is well settled that only after some clear manifestation on the record that a state court will refuse to entertain Scott's claims will the exhaustion requirement be disregarded as futile." *Id.,*

quoting *Powell v. Wyrick*, 657 F.2d 222, 224 (8th Cir.1981).  Comity dictates that federal courts should not avoid the exhaustion requirement by attempting to predict how a state court will likely decide the merits of a claim.  *See Snethen*, 736 F.2d at 1245.  Here Scott has not demonstrated that current, non-futile state remedies do not exist for the claim she presents to this court.  Scott must therefore, exhaust the available state procedures before a federal court can entertain her *habeas* petition.

D.  Conclusion:

Scott failed to adequately exhaust her state court remedies.  She has also failed to establish that seeking available state court remedies would be futile.  The Petition filed herein should be denied and dismissed without prejudice to refiling if and when available state court remedies are exhausted.

E.  Recommendation:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied without prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

DATED this **25th day of July 2013.**

        /s/ Barry A. Bryant
        HON. BARRY A. BRYANT
        U.S. MAGISTRATE JUDGE